**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL ANTHONY BETTS,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

        Defendant - Appellee.

No. 11-17522

D.C. No. 2:10-cv-02189-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 12, 2013
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and MARSHALL, Senior District
Judge.[**]

    Michael Anthony Betts appeals from the district court's decision affirming

the Social Security Administration's denial of his application for disability

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Consuelo B. Marshall, Senior District Judge for the
U.S. District Court for the Central District of California, sitting by designation.

insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for further proceedings.

The administrative law judge (ALJ) did not err in discounting the opinion of the nurse practitioner. Because a nurse practitioner is an "other source" rather than an "acceptable medical source" under 20 C.F.R. § 404.1513, the ALJ only had to provide "reasons germane" to the nurse practitioner in order to discount her opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ did so, explaining that there were unexplained inconsistencies between the nurse practitioner's opinion and her own progress notes.

The ALJ also did not err in making an adverse credibility determination with regard to Betts' statements concerning the severity of his symptoms. The ALJ was required to provide "clear and convincing reasons" supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005). The ALJ satisfied this burden, noting, among other reasons, inconsistencies in Betts' statements, *see Burch*, 400 F.3d at 680, and Betts' failure to consistently take his prescribed medication, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Molina*, 674 F.3d at 1113–14.

The ALJ did err, however, by disregarding aspects of examining physician Dr. Marcel Van Eerd's opinion without providing any explanation. Though the ALJ said he was according "the greatest weight" to Dr. Van Eerd's opinion, the ALJ's finding regarding Betts' residual functional capacity (RFC) failed to take into account certain limitations identified by Dr. Van Eerd, particularly limitations in Betts' "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," and his "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." In order to disregard aspects of Dr. Van Eerd's opinion, the ALJ had to provide either "clear and convincing reasons" or "specific and legitimate reasons," depending on whether or not Dr. Van Eerd was contradicted by another doctor in the record. *Lester v. Chater*, 81 F.3d

821, 830–31 (9th Cir. 1996). The ALJ provided no reasons for disregarding aspects of Dr. Van Eerd's opinion, so we must reverse.[1]

REVERSED and REMANDED for further proceedings consistent with this disposition.

---

[1] *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), relied upon heavily by the Commissioner, is not to the contrary. In *Stubbs-Danielson*, the ALJ's RFC assessment was consistent with the allegedly disregarded medical opinion, *see id.* at 1174, and the ALJ had explained the omission from the RFC assessment of the aspects of that opinion that had allegedly been ignored, *see id.* at 1175. Here, by contrast, the ALJ's RFC assessment was not consistent with the limitations identified by Dr. Van Eerd discussed above, and the ALJ offered no explanation.